IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

VIOLET A. AMADOR,

    Plaintiff,

                                                       Case No.:

v.

THE PRUDENTIAL INSURANCE COMPANY
OF AMERICA,

    Defendants.
_____/

**COMPLAINT FOR RECOVERY OF PLAN BENEFITS
AND FOR THE ENFORCEMENT OF RIGHTS UNDER ERISA**

**COMES NOW**, Plaintiff, Violet A. Amador, and makes the following representations to the Court for the purpose of obtaining relief from Defendants' refusal to pay Long-Term Disability ("LTD") benefits due under an employee benefits plan, and for Defendants' other violations of the Employee Retirement Income Security Act of 1974 ("ERISA"):

**JURISDICTION AND VENUE**

1. This Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1337 and 29 U.S.C. § 1132(e) (ERISA § 502(e)). Plaintiff's claims "relate to" an "employee welfare benefits plan" as defined by ERISA, 29 U.S.C. § 1001 *et seq.*, and the subject Disability Benefit Plan constitutes a "plan under ERISA."

2. The ERISA statute, at 29 U.S.C. § 1133, as well as Department of Labor regulations, at 29 C.F.R. § 2560.503-1, provide a mechanism for administrative or internal appeal of benefits denials. In this case, those avenues of appeal have been exhausted and this matter is now properly before this court for judicial review.

3. Venue is proper within the Southern District pursuant to 29 U.S.C. § 1132(e)(2).

1

## PARTIES

4. Plaintiff, Violet Amador, (hereinafter "Plaintiff"), is currently a resident of City of Miami Gardens, County of Miami-Dade, State of Florida.

5. Plaintiff alleges upon information and belief that the Graham Holdings Company's Group Long Term Disability Policy No. 39922, formerly the Washington Post Company Flexible Benefits Program (hereinafter "PLAN"), is, and at all relevant times was, an "employee welfare benefit plan" as defined by ERISA.

6. Plaintiff alleges The Prudential Insurance Company of America is a New Jersey company that is an insurance company authorized to transact the business of insurance in all states, and is the underwriter for the Group Long Term Disability Policy issued to Graham Holdings Company (formerly The Washington Post Company.)

7. The Prudential Insurance Company of America may be served with process at 751 Broad Street, Newark, New Jersey 07102-3777.

## FACTS

8. The PLAN is funded by insurance policy number 39922.

9. Plaintiff was employed by The Washington Post Company, which then changed its name to Graham Holdings Company effective November 29, 2013, and consequently the Plaintiff was thereby a participant or beneficiary of the PLAN and is covered by the Long-Term Disability policy that provides benefits under the PLAN.  The Plaintiff ceased work due to a disability while covered under the PLAN.

10. The Plaintiff has been and continues to be disabled as defined by the provisions of the PLAN.

11. The Plaintiff timely filed an application for benefits under the PLAN.

12. In accordance with the review procedures set forth in the PLAN, 29 U.S.C. § 1133, and 29 C.F.R. § 2560.503-1, Plaintiff, appealed the claim until exhausting the required plan appeals.

13. The PLAN documents do not grant discretion or any purported grant of discretion is not sufficient to grant discretion to the entity that made the decision to deny benefits.

14. The Court's standard of review is *de novo* under <u>Firestone Tire & Rubber Co. v. Bruch</u>, 489 U.S. 101 (1989).

15. The entity that made the decision to deny benefits would pay any benefits due out of its own funds.

16. The entity that made the decision to deny benefits was under a perpetual conflict of interest because the benefits would have been paid out of its own funds.

17. The entity that made the decision to deny benefits allowed its concern over its own funds to influence its decision-making.

18. The Defendant insurance company has acted under a policy to take advantage of the potential applicability of ERISA to claims.

**FIRST CAUSE OF ACTION**
**FOR PLAN BENEFITS AGAINST ALL DEFENDANTS**
**PURSUANT TO 29 U.S.C. §§ 1132(a)(1)(B)**

Plaintiff incorporates the allegations contained in paragraphs 1 through 18 as if fully stated herein and says further that:

19. Under the terms of the PLAN, Defendant agreed to provide Plaintiff with long-term disability benefits in the event that Plaintiff became disabled as defined by the PLAN.

20. Plaintiff is disabled under the terms of the PLAN.

21. Defendant failed to provide benefits due under the terms of the PLAN, and this denial of benefits to Plaintiff constitutes a breach of the PLAN.

22. The decision to deny benefits was wrong under the terms of the PLAN.

23. The decision to deny benefits and decision-making process were arbitrary and capricious.

24. The decision to deny benefits was not supported by substantial evidence in the record.

25.  The decision-making process did not comport with 29 U.S.C. § 1133's requirements that any notice of denial must contain the specific reasons for such denial, written in a manner calculated to be understood by the participant and must comport with the Department of Labor Regulations.

26. The decision-making process did not provide a reasonable opportunity to the Plaintiff for a full and fair review of the decision denying the claim, as is required by 29 U.S.C. § 1133 and 29 C.F.R. 2560.503-1.

27. The appellate procedures did not provide the Plaintiff a full and fair review.

28. As an ERISA fiduciary, the Defendant owed the Plaintiff fiduciary duties, such as an obligation of good faith and fair dealing, full and complete information, and a decision-making process free of influence by self-interest.

29. The Defendant violated the fiduciary duties owed to the Plaintiff.

30. As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability and in failing to provide a full and fair review of the decision to deny benefits, Plaintiff has been damaged in the amount equal to the amount of benefits to which Plaintiff would have been entitled to under the PLAN, and continued benefits payable while the Plaintiff remains disabled under the terms of the PLAN.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that this Court grant her the following relief in this case:

**On Plaintiff's First Cause of Action**:

1. A finding in favor of Plaintiff against the Defendant;

2. Damages in the amount equal to the disability income benefits to which he was entitled through date of judgment, for unpaid benefits pursuant to 29 U.S.C. § 1132(a)(1)(B);

3. Prejudgment and postjudgment interest;

4. An Order requiring the PLAN or appropriate Plan fiduciary to pay continuing benefits in the future so long as Plaintiff remains disabled under the terms of the PLAN.

5. Plaintiff's reasonable attorney fees and costs; and

6. Such other relief as this court deems just and proper.

Plaintiff further requests that the Court order Defendant to provide to Plaintiff with a bound copy of the ERISA record consecutively paginated.

Dated this 30th day of September, 2014.

*Respectfully submitted,*

CARRIE J. FEIT, P.A
3211 Ponce de Leon. Blvd., Ste. 200
Coral Gables, FL 33134
p: 305.443-3060
f: 305.443-2238


BY:  /s/ Carrie Feit
      CARRIE J. FEIT
      FL. Bar No. 470066